Hart, J.,
 

 concurring. I concur in the syllabus and judgment of the court in this case, but in doing so I desire to express my view as to the rule of law set out in the second paragraph of the syllabus.
 

 A clear distinction must be maintained between an •abatable nuisance temporarily affecting the use of real property, and a similar nuisance which, during its continuance, has permanently injured and diminished the value of the property.
 

 The remedy for a wrongful invasion of the former type, such as the overflow of vacant land by water, is an action for damages limited by the four-year statute of limitation, in which there may be recovered the amount of the resultant diminution in the rental value of the property. The remedy for a wrongful invasion of the latter type, such as the permanent destruction of buildings by their submergence in water or sewage escaping from defective drains or pipes constructed and maintained by a municipality, is an action to recover damages for the partial appropriation of the property for a public use, limited by the 21-year statute of limitation, in which action there may be a recovery for the permanent depreciation of the property, measured by the difference between the value before and the value after the damage or injury.
 

 On the theory that the second paragraph of the syllabus in this case relates to a situation of the latter type, and is descriptive of an action to recover damages for permanent injury to the real estate of the appellant, I concur in that paragraph as well as other paragraphs of the syllabus.